**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ARTHUR LEE GRIGGS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 08-0320-CG-M** |
| | ) | |
| **GRANT CULLIVER,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**<u>ORDER</u>**

This matter is before the court on the Report and Recommendation of the Magistrate Judge, dated September 16, 2008 (Doc.11), petitioner's objection to the Report and Recommendation (Doc. 14), the Magistrate Judge's Supplemental Report and Recommendation (Doc. 15), and petitioner's objection to the Supplemental Report and Recommendation (Doc. 18).  After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a <u>de novo</u> determination of those portions of the recommendation to which objection was made, the court agrees with the recommendation of the Magistrate Judge that the petition should be dismissed as time-barred.

The Magistrate Judge found that the petition was time-barred because it was filed after the one year statute of limitations.[1]  The Magistrate found that petitioner's sentence and conviction became final on July 13, 1983, prior to the effective date of the AEDPA and that the one year statute of limitations therefore began to run on April 24, 1996, the date the AEDPA

---

[1] Pursuant to 28 U.S.C. § 2244(d), as amended by the April 24, 1996, enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one year statute of limitation is applicable to a petition for writ of habeas corpus by a person in custody on a judgment of a state court.

became effective.  Petitioner's habeas corpus petition was not filed in this court until June 5, 2008, more than eleven years after the grace period had expired.  The Magistrate Judge also found that petitioner's mere assertion that he is actually innocent is not sufficient to overcome the procedural bar.

Petitioner objected to the original Report and Recommendation asserting that his conviction did not become final on July 13, 1983, because the Alabama Court of Criminal Appeals remanded petitioner's second Rule 32 petition for consideration of a sentencing issue. Petitioner argues that the Magistrate Judge failed to discuss how the State petition affected the limitations period.

After petitioner filed his objection to the September 16, 2008, Report and Recommendation, the Magistrate Judge entered a Supplemental Report and Recommendation which further explained why he considers petitioner's sentence to have become final on July 13, 1983.  Magistrate Judge Milling stated:

> As noted earlier, although the Alabama Court of Criminal Appeals remanded Petitioner's second State Rule 32 petition for consideration of a sentencing issue, the Appellate Court ultimately affirmed the dismissal of Griggs's second Rule 32 petition (Doc. 9, Exhibit D). The specific, relevant language of that decision is set out as follows:
>
>> On March 8, 2007, the circuit court submitted its return to remand. In its order on return to remand, the circuit court found that the appellant was improperly sentenced pursuant to the Habitual Felony Offender Act; that the trial court could not have properly sentenced him to serve more than fifteen years in prison; that the appellant had already completed his sentence in this case and was currently serving a sentence of imprisonment for life without the possibility of parole in another case; and that, therefore, the issue regarding the improper sentence is moot. Based on this court's holding in Minshew v. State, [Ms. CR-05- 01864, March 23, 2007] ___ So.2d ___ (Ala. Crim. App. 2007), we agree with the circuit court's finding that the issue regarding the improper sentence is moot.

2

(Doc. 9, Exhibit D, p. 2). On September 14, 2007, the Alabama Supreme Court denied Griggs's petition for writ of certiorari and entered a certificate of judgment (Doc. 1, Exhibit E). It is this date on which Petitioner argues that the AEDPA statute of limitations clock began to run (Doc. 14).

The Court finds no merit in Griggs's argument. The Alabama Court of Criminal Appeals found that Petitioner's claim regarding his sentence was moot as the entire sentence had been served. The Alabama Supreme Court agreed. The Court notes that "state court construction of state law is binding on federal courts entertaining petitions for habeas relief." Beverly v. Jones, 854 F.2d 412, 416 (11th Cir. 1988), cert. denied, 490 U.S. 1082 (1989) (quoting Tyree v. White, 796 F.2d 390, 392-93 (11th Cir. 1986) (citing Missouri v. Hunter, 459 U.S. 359 (1983))). As Petitioner was not re-sentenced, the original sentence, though given in error, remains the date from which this Court will calculate the AEDPA tolling period.  That date is July 13, 1983.

(Doc. 15, pp. 4-5).  The court, after review of the relevant facts and petitioner's objection to the date his sentence became final, agrees with the Magistrate Judge.  Petitioner's conviction became final on July 13, 1983.  Petitioner filed his habeas corpus petition after the one-year statute of limitations and, therefore, the petition is time-barred.

Petitioner objects to the Supplemental Report and Recommendation on several other bases.  First petitioner asserts that the Magistrate incorrectly found that a hearing was not necessary.  However, the undersigned agrees with the Magistrate that the state record is adequate to determine petitioner's claims and, thus, that no federal evidentiary hearing is required.

Petitioner also objects to the Magistrate's finding that petitioner was not re-sentenced.  However, the record does not indicate that petitioner was re-sentenced and the order of the Court of Criminal Appeals stated that it agrees "with the circuit court's finding that the issue regarding the improper sentence is moot." (Doc. 9, Ex. D, p. 2).  There was no reason to re-sentence petitioner since he had already completed his sentence and was currently serving a life sentence without the possibility of parole in another case.

Petitioner objects to the Magistrate's finding that he did not make a colorable showing of

innocence.  Petitioner argues that his claim of innocence is based primarily on the constitutional infirmities of the judgment, rather than on a contention that he did not engage in the misconduct with which he was charged.  His claim of "legal innocence" relies on the merits of the claims raised in his petition.  The court has found that such claims are barred by the statute of limitations and petitioner has offered no authority by which he can raise time-barred claims simply by asserting that they are meritorious.   To the extent petitioner claims that he is actually innocent, as in he did not commit the misconduct with which he was charged, the court agrees with the Magistrate Judge that petitioner has not made a colorable showing of innocence.

After review of petitioner's file and the issues raised, the court finds that all of petitioner's objections are without merit and that the petition should be dismissed as time-barred.

## CONCLUSION

After due and proper consideration of all portions of this file deemed relevant to the issues raised, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court.  It is **ORDERED** that the habeas corpus petition filed by Arthur Lee Griggs is hereby **DISMISSED as time-barred.**

**DONE and ORDERED** this 10th day of December, 2008.


_____/s/  Callie V. S. Granade_____
CHIEF UNITED STATES DISTRICT JUDGE

4